UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

SEP - 9 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

JIMMY LANCE, )
)
Plaintiff, )
)
v. ) Civil Action No. 10-1950 (RJL)
)
MICHAEL P. WILSON, )
)
Defendant. )

## MEMORANDUM OPINION
(September 8, 2011) [Dkt. #4]

This matter is before the Court on defendant Michael P. Wilson's motion to dismiss. For the reasons discussed below, the motion will be granted and this action will be dismissed.

### I. BACKGROUND

It appears that William Tate terminated plaintiff's employment at the direction of defendant, see Compl. ¶¶ 3-4, whom plaintiff describes as "the owner of several enterprise barber/salon services under the laws of Federal Government and having a main office at Hardinsburg, Kentucky." Notice of Opposition to Defendant[']s Motion Requesting Dismiss[al] of Plaintiff's Complaint ("Pl.'s Opp'n") at 2 (emphasis removed). According to plaintiff, defendant is responsible for providing "bad references" which prevented plaintiff from securing employment for the period from July 12, 2009 through December 17, 2009, Compl. ¶ 5, and thus has violated 42 U.S.C. §§ 2000e-2 and 2000e-3, id. ¶ 6. Plaintiff demands judgment in his favor and an award of $50,000 plus interest and costs. Id. The Court presumes that plaintiff brings

1

this action under Title VII of the Civil Rights Act of 1964, as amended, *see* 42 U.S.C. § 2000e *et seq.* ("Title VII").

## II. DISCUSSION

### *A. Personal Jurisdiction*

Defendant moves to dismiss the complaint under Rule 12(b)(2) of the Federal Rules of Civil Procedure on the ground that this Court cannot exercise personal jurisdiction over him. Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Complaint ("Def.'s Mem.") at 1-2.

Defendant represents that he "resides in Kentucky," Def.'s Mem. at 1, and plaintiff acknowledges that defendant's main office is in Kentucky. Pl.'s Opp'n at 2. Defendant, then, is not "a person domiciled in, organized under the laws of, or maintaining [a] principal place of business in, the District of Columbia" over whom this Court may exercise jurisdiction. D.C. CODE § 13-422. In order to determine whether the Court may exercise personal jurisdiction over this non-resident defendant, the analysis begins by referencing the law of the District of Columbia, *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995), specifically its long-arm statute which in relevant part provides:

> A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's –
> (1) transacting any business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia;
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; [or]
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct,

>or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia[.]

D.C. CODE § 13-423(a). Next, the Court must consider "whether the exercise of personal jurisdiction would comport with the requirements of due process." *Kurtz v. United States*, __ F. Supp. 2d __, __, 2011 WL 1549216, at *1 (D.D.C. Apr. 26, 2011) (citing *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F. 3d 1343, 1347 (D.C. Cir. 2000)). To this end, the Court examines whether defendant's "minimum contacts" with the District of Columbia, if any, are such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (internal quotations and citations omitted). If, for example, defendant engages in conduct "by which [he] purposefully avails [himself] of the privilege of conducting activities" in the District of Columbia, "thus invoking the benefits and protections of its laws," *Burger King Corp. v. Rudzewicz*, 471 U.S. 463, 475 (1985), this Court may exercise personal jurisdiction over him. *See id.* at 475-76. Plaintiff's complaint alleges no facts with respect to defendant's contacts with the District of Columbia, whether by transacting business or contracting to supply services here. *See generally* Compl. Nor does the complaint reveal any basis from which the Court might conclude that plaintiff suffered an injury here, whether by act or omission committed inside or outside of the District of Columbia. *See id.*

In an attempt to meet his "burden of establishing personal jurisdiction," *Moore v. Motz*, 437 F. Supp. 2d 88, 90-91 (D.D.C. 2006) (citations omitted), plaintiff makes three arguments. First, plaintiff alludes to "varies [sic] government contracts . . . governed by the Department of Defense" which defendant may have secured. Pl.'s Opp'n at 2. The existence of contracts with the federal government may be a factor in a court's decision to exercise personal jurisdiction over

a defendant. *See, e.g., Mateer v. Interocean Am. Shipping Corp.*, No. 06-01642, 2006 WL 997248, at *5, 9 (N.D .Cal. Apr. 17, 2006) (considering corporation's contacts with California, including "voluntary and purposeful execution of a bilateral contract" with the Maritime Administration which would require it to operate ships in California, as basis for exercising personal jurisdiction over it). In this case, plaintiff offers nothing more than an unsupported assertion as to the contracts' existence. There are no factual allegations as to the contracts' terms or execution which might demonstrate defendant's minimum contacts with the District of Columbia, for example. *Cf. Patriot Sys., Inc. v. C-Cubed Corp.*, 21 F. Supp. 2d 1318, 1322-23 (D. Utah 1998) ("In the court's view, defendant's act of entering into contracts with the federal government in Washington, D.C. to be performed in Virginia does not indicate defendant has purposefully availed itself of the benefits and privileges of conducting business in Utah."); *United States ex rel. Alexander v. Dyncorp, Inc.*, 924 F. Supp. 292, 297-98 (D.D.C. 1996) (noting that the "[s]olicitation which underlies this claim [brought by unsuccessful bidder for a contract with the Justice Department] was issued in Washington, D.C., the bid proposal [which] was submitted in Washington, D.C., and Dyncorp's prior government contracts [which] presumably led the company to transact business regularly in the District" as bases for exercise of personal jurisdiction).

Next, plaintiff argues that the District's long-arm statute "does not apply to this case because it [is] not D.C. Courts jurisdiction." Memorandum of Law in Support of Plaintiff's Motion Requesting Opposition to Defendants['] Dismissal ("Pl.'s Mem.") at 2. Defendant neither resides nor maintains a principal place of business in the District of Columbia. As stated above, this Court determines whether it may exercise personal jurisdiction over a non-resident by

applying the law of the District of Columbia, specifically its long-arm statute. *See Ferrara*, 54 F.3d at 828.

Lastly, plaintiff claims that he need not establish personal jurisdiction because the Court has subject matter jurisdiction under 28 U.S.C. § 1331. *See* Pl.'s Mem. at 2. Plaintiff does not appreciate that "a distinction exists between personal jurisdiction (the question of whether a particular court has power over a defendant) and subject matter jurisdiction (the question of whether a particular court can hear a certain kind of lawsuit)." *Siegler v. Ohio State Univ.*, No. 2:10-cv-172, 2011 WL 3417790, at *2 (S.D. Ohio Aug. 4, 2011). The Court must have both personal jurisdiction over all the parties and subject matter jurisdiction, and "[t]he fact that the Court would have subject matter jurisdiction is entirely irrelevant to the question of whether the court has personal jurisdiction over the [d]efendant[]." *Sciortino v. Mecum*, No. 10-cv-02254, 2011 WL 3512272, at *3 (D. Nev. Aug. 11, 2011)

Plaintiff establishes no basis for this Court's exercise of personal jurisdiction over defendant under the District's long-arm statute. Absent any allegations to show defendant's purposeful activities sufficient to invoke the benefits or protections of the District of Columbia's laws, exercise of personal jurisdiction over defendant does not comport with due process.

### B. Failure to State a Claim Upon Which Relief Can Be Granted

Defendant argues that the complaint must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because it fails to state a claim under 42 U.S.C. §§ 2000e-2 and 2000e-3 upon which relief can be granted. *See* Def.'s Mem. at 3-4. These provisions declare it "an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to [his]

compensation, terms, conditions, or privileges of employment, because of [his] race, color, religion, sex, or national origin," 42 U.S.C. § 2000e-2(a)(1), and an employer may not discriminate against an employee who has opposed an unlawful employment practice by making a charge of unlawful discrimination. *See* 42 U.S.C. § 2000e-3(a). According to defendant, he cannot be held liable in his individual capacity under these provisions, Def.'s Mem. at 3-4, and the complaint is defective because it "never states that the alleged negative references were because of any protected status." *Id.* at 4.

Rule 12(b)(6) tests the legal sufficiency of a complaint. *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). On a Rule 12(b)(6) motion, the Court treats the factual allegations of a plaintiff's complaint as if they were true, and draws all reasonable inferences stemming from such factual allegations in the plaintiff's favor. *See Erickson v. Pardus*, 551 U.S. 551 U.S. 89, 94 (2007) (per curiam). A complaint must be dismissed under Rule 12(b)(6) if it consists only of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Absent from plaintiff's complaint are any allegations regarding defendant's status as an "employer" who may be held liable under the statutes on which he relies.[1] *See* 42 U.S.C. § 2000e(b) (defining an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person"); *see also Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995) ("[W]hile a supervisory employee may be joined as a party

---

[1] The defendant named in this action is not the entity against which plaintiff brought a formal charge of discrimination before the Equal Employment Opportunity Commission. *See* Compl. (caption); *see id.*, Ex. at 5 (Letter to plaintiff from Toni Ahl, Investigator, U.S. Equal Employment Opportunity Commission, Louisville Area Office, dated July 9, 2010).

defendant in a Title VII action, that employee must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII.") (citations omitted). More importantly, nothing in the complaint suggests that this defendant provided a negative reference for plaintiff because of his race, color, religion, sex, or national origin – a fact critical to a complaint alleging discrimination under Title VII. *See Baird v. Snowbarger*, 744 F. Supp. 2d 279, 294 (D.D.C. 2010) (dismissing hostile work environment claim because plaintiff did not allege that the unlawful acts were due to her race, sex, or protected activity); *Soliman v. George Washington Univ.*, 658 F. Supp. 2d 98, 103 (D.D.C. 2009) (dismissing retaliation claim because plaintiff "merely recounts her repeated informal communications to her department chair complaining of vague discriminatory conduct" without actually alleging discrimination based on gender); *cf. Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1115 (D.C. Cir. 2000) (noting that a plaintiff must allege the adverse employment action occurred "because of" status as member of a protected class to survive a motion to dismiss under Rule 12(b)(6)).

It is not enough that plaintiff refers to portions of Title VII in his complaint. Absent allegations that the defendant is an employer who discriminated against plaintiff on the basis of his race, color, religion, sex or national origin, the complaint fails to state a claim upon which relief can be granted.

### C. Improper Venue

Defendant also moves to dismiss under Rule 12(b)(3) because venue in this district is improper. *See* Def.'s Mem. at 4-5. The venue provision of Title VII provides:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. <u>Such an action</u>

<u>may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice</u>, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28 [United States Code], the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3) (emphasis added). Plaintiff's allegation that events giving rise to this action occurred at or with respect to employment at Fort Belvoir, *see* Compl. ¶ 3, and venue may be proper in the Eastern District of Virginia. Or, given the defendant's Hardinsburg, Kentucky address, venue may be proper in the Western District of Kentucky. Neither plaintiff's current residence in the District of Columbia, *see* Compl. (caption), nor defendant's alleged involvement in interstate commerce, *see* Pl.'s Mem. at 4, establishes venue in this district under 42 U.S.C. § 2000e-5(f)(3).

### III. CONCLUSION

For the reasons stated above, the Court concludes that it lacks personal jurisdiction over the defendant, that the complaint fails to state a claim upon which relief can be granted, and that venue in this district is improper. The defendant's motion to dismiss will be granted. An Order accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge

DATE: 9/8/11